Civil Action No. 1:16-cv-01239

(https://www.traviscountytx.gov)

## District Clerk - AARO - Attorney Access to Records Online

# Details

Updated : Monday, November 21, 2016 5:09:26 AM

| | |
|---|---|
| **Cause Number** | D-1-GN-16-005297 |
| **Style** | MUENNINK V. TRAVELERS LLOYD |
| **Filed Date** | 10/20/2016 |
| **Court** | 419 |
| **Type** | INSURANCE CLAIM (GEN LIT) |
| **Case Status** | PENDING |
| **Action/Offense** | |
| **Hearing Date** | |

Request Documents (/aaro/Content/record_search_

New Search (/aaro/)

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| KAYE EDWARD FRANK | DEFENDANT | TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | |
| KUCERA BRENNAN MICHAEL | PLAINTIFF | | MUENNINK, LLOYD |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 11/9/2016 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=4887925) |
| 11/7/2016 | 419 | DF | ORIGINAL ANSWER | ANS-RESP | 2 | Download (/aaro/Default/GetPdf?barCodeId=4884121) |
| 10/24/2016 | 419 | DF | ISS:CITATION | ISSUANCE | 0 | PDF not available |
| 10/20/2016 | 419 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 12 | Download (/aaro/Default/GetPdf?barCodeId=4855702) |

Request Documents (/aaro/Content/record_search_fillable.pdf)

New Search (/aaro/)

© 2016 Travis County, Texas - All rights reserved.



10/20/2016 4:00:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005297
Ruben Tamez

CAUSE NO. D-1-GN-16-005297

| | | |
|---|---|---|
| LLOYD MUENNINK | § § § | IN THE DISTRICT COURT |
| V. | § § § | 419TH _____ JUDICIAL DISTRICT |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LLOYD MUENNINK, files this Original Petition against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Travis County, Texas.

Defendant TRAVELERS is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Travis County, Texas because all or part of the conduct giving rise to the causes of action were committed in Travis County, Texas and the Plaintiff and property which is the subject of this suit are located in Travis County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 42 Autumn Oaks Drive, Austin, Texas 78738 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about April 18, 2015 under Policy No. 0HP4779874412016761 and Claim No. HRN9866001H, Plaintiff sustained covered losses in

the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct

4

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A.   BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

B.  **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

1.  **UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

2.  **THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

C.  **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372


BY:   /s/Brennan Kucera
      Brennan Kucera
      State Bar No. 24076491
      brennan@krwlawyers.com
      Kevin S. Baker
      State Bar No. 00797799
      kevin@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED Lloyd Muennink v. Travelers Lloyds of Texas Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Brennan Kucera | Email: adela@krwlawyers.com | Plaintiff(s)/Petitioner(s): Lloyd Muennink | Person or entity completing sheet is: ☒ Attorney for Plaintiff/Petitioner  *Pro Se* Plaintiff/Petitioner  Title IV-D Agency  Other: _____ |
| --- | --- | --- | --- |
| Address: 16500 San Pedro, Suite 302 | Telephone: 210-490-4357 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78232 | Fax: 210-490-8372 | Defendant(s)/Respondent(s): Travelers Lloyds of Texas Insurance Company | Custodial Parent: Non-Custodial Parent: |
| Signature: /s/ | State Bar No: 24076491 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
| --- | --- | --- | --- | --- |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>Debt/Contract<br>Fraud/Misrepresentation<br>Other Debt/Contract:<br>_____<br>*Foreclosure*<br>Home Equity—Expedited<br>Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract: | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>Accounting<br>Legal<br>Medical<br>Other Professional<br>Liability:<br>_____<br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>Asbestos/Silica<br>Other Product Liability<br>List Product:<br>_____<br>Other Injury or Damage: | Eminent Domain/<br>Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>_____ | Annulment<br>Declare Marriage Void<br>*Divorce*<br>With Children<br>No Children | Enforcement<br>Modification—Custody<br>Modification—Other<br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>Pre-indictment<br>Other: _____ | Enforce Foreign<br>Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>of Minority<br>Other: _____ | Adoption/Adoption with<br>Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>Rights<br>Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: _____ | | |

| **Tax** | **Probate & Mental Health** | |
| --- | --- | --- |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>Dependent Administration<br>Independent Administration<br>Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| Appeal from Municipal or Justice Court | Declaratory Judgment | Prejudgment Remedy |
| Arbitration-related | Garnishment | Protective Order |
| Attachment | Interpleader | Receiver |
| Bill of Review | License | Sequestration |
| Certiorari | Mandamus | Temporary Restraining Order/Injunction |
| Class Action | Post-judgment | Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
Less than $100,000 and non-monetary relief
Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
Over $1,000,000

Rev. 2/13

BRAVO'S LEGAL PROCESSING
14080 NACOGDOCHES ROAD
No. 320
SAN ANTONIO, TX. 78247

CERTIFIED MAIL

7016 1370 0000 1996 6123



U.S. POSTAGE PAID
SAN ANTONIO, TX
78212
OCT 28, 16
AMOUNT
$7.36
R2304E106564-44

1000     78701

TRAVELERS LLOYDS OF TEXAS
C/O CORPORATION SERVICE COMPANY
211 E. 7th STREET, SUITE 620
AUSTIN, TEXAS 78701

```
                        C I T A T I O N                    11/9/2016 6:50:52 AM
              T H E   S T A T E   O F   T E X A S                  Velva L. Price
                   CAUSE NO. D-1-GN-16-005297                      District Clerk
                                                                    Travis County
                                                                  D-1-GN-16-005297
LLOYD MUENNINK                                                     Jessica Arzola
                                                                       , Plaintiff
    vs.
TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
                                                                       , Defendant

TO:  TRAVELERS  LLOYDS OF TEXAS INSURANCE COMPANY
     BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
     211 EAST 7TH STREET #620
     AUSTIN, TEXAS 78701
```

Defendant, in the above styled and numbered cause;

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 20, 2016 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October __, 2016.

REQUESTED BY:
BRENNAN MICHAEL KUCERA
16500 SAN PEDRO #302
SAN ANTONIO, TX 78232
BUSINESS PHONE:(210)490-7402   FAX:(210)490-8372

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

--- R E T U R N ---

Came to hand on the _26_ day of _October_, _2016_ at _2:00_ o'clock _P_ M., and executed at _211 E. 7th Street, #620, Austin_ within the County of _Travis_ on the _31_ day of _October_, ____, at _9:19_ o'clock _A_ M., by delivering to the within named _Travelers Lloyds of Texas_ _____, each in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_31_ day of _October_, _2016_.

By: _Eloy Bravo - SCH2065_
Printed Name of Server

_Travis_ County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-16-005297                                    SERVICE FEE NOT PAID        P01 - 000045761

☐ Original      ☐ Service Copy



11/7/2016 11:10:53 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005297
Terri Juarez

CAUSE NO. D-1-GN-16-005297

| | | |
|---|---|---|
| LLOYD MUENNINK, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS LLOYDS OF | § | |
| TEXAS ISURANCE CO., | § | |
| Defendant. | § | 419th JUDICIAL DISTRICT |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW The Travelers Lloyds of Texas Insurance Company, and files this its Answer to Plaintiff's Original Petition:

## **GENERAL DENIAL**

1.  Defendant hereby raises a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every, all and singular, allegations contained in Plaintiff's Original Petition and demand that Plaintiff prove the truth of Plaintiff's allegations by a preponderance of the believable evidence.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing thereof, Plaintiff take nothing by reason of this action.

1

        Respectfully submitted,

        SKELTON & WOODY
        248 Addie Roy Road, Suite B-302
        Austin, Texas 78746
        Telephone:   (512) 651-7000
        Facsimile:    (512) 651-7001

        By:   /s/ Edward F. Kaye
              J. Hampton Skelton
              State Bar No. 18457700
              hskelton@skeltonwoody.com
              Edward F. Kaye
              State Bar No. 24012942
              ekaye@skeltonwoody.com

        ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of November, 2016, a true and correct copy of the above and foregoing document was served, via facsimile, on the following counsel of record:

Brennan Kucera
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Facsimile: (210) 490-8372

                              /s/ Edward F. Kaye
                              Edward F. Kaye